IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAPITAL FINANCE, LLC., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. RDB-17-2107 |
| OSCAR ROSENBERG, *et. al.*, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM**

This Memorandum Opinion addresses the Complaint for Confession of Judgment ("Complaint") (ECF No. 1) filed by Plaintiff Capital Finance, LLC, ("Capital") against Defendants Oscar Rosenberg and Josef Neuman ("Defendants"). For the reasons stated herein, I direct that the Clerk of the Court enter judgment by confession against Defendants.

I. Procedural History

On July 26, 2017, Plaintiff filed a Complaint for Confession of Judgment requesting that this court enter judgment by confession in favor of Plaintiff and against Defendants Oscar Rosenberg and Josef Neuman for breach of guarantees owed to Capital. The Complaint seeks damages, jointly and severally, in the principal amount of $1,166,228.11, plus accrued interest and attorney's fees. On July 28, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland, Judge Richard D. Bennett referred this case to Magistrate Judge A. David Copperthite for the purpose of reviewing Plaintiff's Complaint for Confession of Judgment. ECF No. 3.

1

II. Discussion

Local Rule 108.1 provides the framework under which this Court may enter confessed judgment in favor of the Plaintiff. Local Rule 108.1.a ("Judgment by Confession") provides:

> A complaint requesting the entry of judgment by confession shall be filed by the plaintiff accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

Loc. R. 108.1.a. Local Rule 108.1.b further provides:

> the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1.b. For the following reasons, the Court grants Plaintiff's request for entry of judgment by confession against Defendants.

> A. THE EXHIBITS ATTACHED TO THE COMPLAINT PRIMA FACIE ESTABLISH THAT DEFENDANTS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY WAIVED THE RIGHT TO NOTICE AND A PREJUDGMENT HEARING ON THE MERITS OF PLAINTIFF'S CLAIM FOR LIQUIDATED DAMAGES.

On July 1, 2015, Jeffery D. Stein, in his capacity as authorized representative of Capital Finance, LLC, and Josef Neuman, in his capacity as manager of Borrower companies,[1] entered into a Credit and Security Agreement whereby Capital as individual lender and administrative agent agreed to provide revolving credit financing to Borrower. *See* ECF No. 1-2 (hereinafter

---

[1] The Borrower companies are listed as follows: Plano Specialty Hospital Operator, LLC, Plano Healthcare Residence Operator, LLC, Mesa Hills Specialty Hospital Operator, LLC, Mesa Hills Healthcare Residence Operator, LLC, Plum Creek Specialty Hospital Operator, LLC, Plum Creek Healthcare Residences Operator, LLC, Midwest City Healthcare Residence Operator, LLC, and Specialty Hospital of Midwest City Operator, LLC as borrower (collectively, "Borrower"). ECF No. 1-2 at 2.

"the Credit Agreement"). The Credit Agreement, attached as Exhibit A to Plaintiff's Complaint, was executed pursuant to a Revolving Loan Note (as subsequently amended, supplemented, and modified) (ECF No. 1-3) whereby Borrower agreed to receive revolving credit financing up to the amount of $9,000,000.00 from Capital in return for Borrower's obligation to pay back the loan(s) with interest. Borrower also was obligated under the terms of the Revolving Loan Note to provide Capital with a security interest in certain property belonging to Borrower to ensure payment and performance on the loan. ECF No. 1-3. The Credit Agreement further authorized the administrative agent (Capital) to exercise "all other rights, options, and remedies granted to Agent under this Agreement or at law or in equity" and "all rights and remedies granted to it under all Financing Documents" in the event that Borrower failed to perform its obligations. ECF No. 1-2 at 64.

In addition to the Credit Agreement and the Revolving Loan Note, Defendants Oscar Rosenberg and Josef Neuman also signed and executed as Guarantors two individual Guaranty Agreements (attached to Capital's Complaint as Exhibits C and D). Each individual Guaranty Agreement contains a Confession of Judgment clause, wherein the Guarantors agree to the following terms:

> SECTION 12. Confession of Judgment. If the Guarantor should fail to pay or perform the Guaranteed Obligations in accordance with this Guarantee, **the Guarantor hereby authorizes any attorney designated by the Agent or any clerk of any court of record to appear for the Guarantor in any court of record and confess judgment against the Guarantor, without prior hearing, in favor of the Agent and Lenders for, and in an amount equal to, the total of the Guaranteed Obligations then due and payable by the Guarantor hereunder, all other amounts then due and payable by the Guarantor to the Agent and Lenders under the provisions of this Guarantee, costs of suit and attorneys' fees equal to 15% of the amount of such Guaranteed Obligations.** In connection therewith, the Guarantor hereby releases, to the extent permitted by applicable laws, all errors and all rights of exemption, appeal, stay of execution, inquisition, and other rights to which the Guarantor may otherwise be entitled under the applicable laws now in force and which may hereafter be enacted,

3

including, without limitation, those of the United States of America. The authority and power to appear for and enter judgment against the Guarantor shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof and shall not be extinguished by any judgment entered pursuant thereto. Such authority may be exercised on one or more occasions or from time to time in the same or different jurisdictions as often as the Agent or Lenders shall deem necessary and desirable, for all of which this Guarantee shall be a sufficient warrant.

ECF No. 1-4 at 7; ECF No 1-5 at 7 (emphasis added)

The Complaint also includes, as Exhibit J, an affidavit from Jeff Stein, the authorized representative of Capital Finance, LLC, which certifies the truth of the Complaint, authenticates the exhibits attached to the Complaint, and details the principal and outstanding balance due and owed under the Revolving Loan Note, including accrued interest and fees. *See* ECF No. 1-11. The Affidavit also states the address and profession of each individually named Defendant. *See* ECF No. 1-11 at 2 ("Neuman is a sophisticated businessman capable of understanding the terms of his agreement within the Neuman Guaranty") ("Rosenberg is a sophisticated businessman capable of understanding the terms of his agreement within the Rosenberg Guaranty").

Upon review of the exhibits attached to the Complaint, I find that Plaintiff has satisfied the requirements of Local Rule 108.1.a. *See supra.* In addition, based on the contents of the Credit Agreement, Revolving Loan Note, and Individual Guarantee Agreements as outlined above, I find that the exhibits prima facie establish a voluntary, knowing, and intelligent waiver by Defendants of the right to notice and a prejudgment hearing on the merits of Plaintiff's claim for liquidated damages.

### B. THE EXHIBITS ATTACHED TO THE COMPLAINT PRIMA FACIE ESTABLISH THAT PLAINTIFF HAS A MERITORIOUS CLAIM FOR LIQUIDATED DAMAGES AGAINST DEFENDANTS.

Under Section 9.1 of the Credit Agreement, as security for the payment and performance of its obligations on the Revolving Loan Note (Exhibit B), Borrower was required to assign a

security interest in "[a]ll of Borrower's Accounts, and all of Borrower's money, contract rights, Chattel Paper, documents, Deposit Accounts, securities, investment property, Instruments, goods, Inventory, Equipment, fixtures, letter-of-credit rights, commercial tort claims, and insurance claims with respect thereto" to Capital. Specifically, Section 2.9 required Borrower to pay any received account debtor collections directly into the AR Deposit Account. The purpose of the AR Deposit Account was to fund Capital's security interest on the Revolving Loan Note with Borrower. *See* ECF No. 1-2 (Section 2.9).

Plaintiff has alleged that Defendants failed to comply with the obligations of both Section 2.9 and 9.1 of the Credit Agreement. The Court agrees. The financial records and correspondence attached to the Complaint (ECF Nos. 1-6 thru 1-10) support Plaintiff's contention that Borrowers diverted significant funds from being deposited into the AR Deposit Account and instead allocated said funds to an account not subject to its deposit account agreement with Capital. The exhibits also establish that, as of January 26, 2017, a substantial sum of the total diverted amount remained outstanding.

Pursuant to Section 10.1(b) of the Credit Agreement, failure to observe or perform any covenant contained in Section 2.9 constitutes an event of default. ECF No. 1-2 at 67. As a result, Plaintiff's evidence supports the contention that Borrowers defaulted on their obligations under the Revolving Loan Note and Credit Agreement, thus entitling Plaintiff to a confessed judgment. Therefore, Plaintiff has prima facie established a meritorious claim for liquidated damages against Defendants in satisfaction of Local Rule 108.1.b.

III. Conclusion

In summation, the Court finds that the aforementioned written documents prima facie establish that: (1) Defendants voluntarily, knowingly, and intelligently waived the right to notice

and a prejudgment hearing on the merits in Plaintiff's claim for liquidated damages; and (2) Plaintiff has a meritorious claim for liquidated damages against the Defendants. *See supra* Loc. R. 108.1.b. The Affidavit provides that, as of the filing of the Complaint on July 26, 2017, the amount due and owing under the Revolving Loan Note was $1,166,228.11 broken down as follows:

| | | |
|---|---|---|
| i. | Unpaid Principal: | $679,456.97 |
| ii. | Unpaid Interest and Late Fees: | $152,244.49 |
| iii. | Legal Fees: | $161,546.27 |
| iv. | Collection Fees: | $172,980.38 |
| | **Total:** | **$1,166,228.11** |

Therefore, I direct the clerk to enter the confessed judgment against Defendants, jointly and severally, in the amount of $1,166,228.11, plus additional interest at the rate of 5% per annum from July 26, 2017 until paid and attorney's fees equal to 15% of the unpaid principal, interest, and late fees in the amount of $124,755.21.

I further direct the Clerk to ensure that notice of entry is provided to the Defendants at the addresses listed below:

Oscar Rosenberg
6203 Turner Way
Dallas, TX 75320

Josef Neuman
111 Clifton Ave.
Lakewood, NJ 08701

An implementing Order will follow.

Date: 6 September 2017

_____
A. David Copperthite
United States Magistrate Judge