IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAPITAL FINANCE, LLC., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. RDB-17-2107 |
| OSCAR ROSENBERG, *et. al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion to Open, Modify, or Vacate Judgment by Confession (the "Motion") (ECF No. 11) filed by Defendants, Oscar Rosenberg and Josef Neuman. The parties' submissions have been reviewed, and no hearing is necessary. Loc.R. 105.6 (D.Md. 2016). For the reasons stated herein, I recommend that the Motion be DENIED.

### I. Factual and Procedural Background

On July 1, 2015, Plaintiff, Capital Finance, LLC, and a non-party borrower ("Borrower") entered into a Credit and Security Agreement ("Credit Agreement") under which Plaintiff agreed to extend a revolving line of credit financing to Borrower. ECF No. 1-2. The Credit Agreement was executed pursuant to a Revolving Loan Note, as subsequently amended, supplemented, and modified (ECF No. 1-3), whereby Borrower agreed to receive revolving credit financing up to the amount of $9,000,000 from Plaintiff in return for Borrower's obligation to pay back the loan(s) with interest. Borrower also was obligated under the terms of the Revolving Loan Note to provide Plaintiff with a security interest in certain property belonging to Borrower to ensure payment and performance on the loan. ECF No. 1-3. The Credit Agreement further authorized

1

the administrative agent (Plaintiff) to exercise "all other rights, options, and remedies granted to Agent under this Agreement or at law or in equity" and "all rights and remedies granted to it under all Financing Documents" in the event that Borrower failed to perform its obligations. ECF No. 1-2 at 66.

Contemporaneously with the Credit Agreement and Revolving Loan Note, Defendants executed separate Guaranty Agreements which contained a Confession of Judgment clause, wherein Plaintiff could obtain a confessed judgment against Defendants if they did not perform their obligations to complete payment and performance:

> SECTION 12. **Confession of Judgment.** If the Guarantor should fail to pay or perform the Guaranteed Obligations in accordance with this Guarantee, the Guarantor hereby authorizes any attorney designated by the Agent or any clerk of any court of record to appear for the Guarantor in any court of record and confess judgment against the Guarantor, without prior hearing, in favor of the Agent and Lenders for, and in an amount equal to, the total of the Guaranteed Obligations then due and payable by the Guarantor hereunder, all other amounts then due and payable by the Guarantor to the Agent and Lenders under the provisions of this Guarantee, costs of suit and attorneys' fees equal to 15% of the amount of such Guaranteed Obligations. In connection therewith, the Guarantor hereby releases, to the extent permitted by applicable laws, all errors and all rights of exemption, appeal, stay of execution, inquisition, and other rights to which the Guarantor may otherwise be entitled under the applicable laws now in force and which may hereafter be enacted, including, without limitation, those of the United States of America. The authority and power to appear for and enter judgment against the Guarantor shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof and shall not be extinguished by any judgment entered pursuant thereto. Such authority may be exercised on one or more occasions or from time to time in the same or different jurisdictions as often as the Agent or Lenders shall deem necessary and desirable, for all of which this Guarantee shall be a sufficient warrant.

ECF Nos. 1–4 and 1–5 at 7.

On July 26, 2017, Plaintiff filed a Complaint for Confession of Judgment (the "Complaint"), requesting that this court enter judgment by confession in favor of Plaintiff and against Defendants for breach of guarantees owed to Plaintiff. ECF No. 1. With the Complaint, which sought damages, jointly and severally, in the principal amount of $1,166,228.11, plus accrued interest and attorney's fees, Plaintiff filed the Credit Agreement, Revolving Loan Notes, Guaranties, and the Affidavit of Jeff Stein, the authorized representative of Plaintiff. On September 6, 2017, the Court found that the documents filed by Plaintiff substantively met the requirements of Local Rule 108.1.a, that Plaintiffs made a *prima facie* showing that Defendants voluntarily, knowingly, and intelligently waived their right to notice and a prejudgment hearing, and that Plaintiffs had a meritorious claim for liquidated damages.[1] ECF No. 7. Accordingly, the Clerk of the U.S. District Court for the District of Maryland entered a Judgment by Confession against Defendants in the amount of $1,166,228.11 plus additional interest and attorney's fees. *See* ECF No. 8.

On October 4, 2017, having received notice of the judgment against them, Defendants filed the Motion, requesting that the Court vacate the Judgment by Confession because they have a meritorious defense. ECF No. 11 at 1. Specifically, Defendants argue that the confessed judgment was entered in contravention of the express contractual terms, Plaintiff had failed to allege or prove that the condition precedent to Defendants' payment obligations were satisfied, and Borrower had not committed fraud. ECF No. 11-2 at 2. Plaintiff opposed the Motion, ECF No. 15, and Defendants replied, ECF No. 16.

---

[1] On July 28, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland, Judge Richard D. Bennett referred this case to Magistrate Judge A. David Copperthite for the purpose of reviewing Plaintiff's Complaint. ECF No. 3.

## II. Discussion

The entry of judgment by confession is governed by District of Maryland Local Rule 108.1. Local Rule 108.1(d) states, in pertinent part:

> The motion shall be made on the ground that the defendant has a meritorious defense to the cause of action. It shall set forth fully the facts relied on for such defense.

Local Rule 108.1(e) governs the determination of a motion to vacate a confessed judgment and provides, in part:

> If the evidence presented establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the Court shall order the judgment by confession vacated, opened, or modified, with leave to the defendant to file a pleading, and the case shall stand for trial. If the evidence does not establish that there are substantial and sufficient grounds for actual controversy as to the merits of the case, the judgment shall stand to the same extent as a final judgment.

Put another way, the issue is whether the motion "raise[s] a *genuine issue of material fact* sufficient to constitute a meritorious defense to the confessed judgment." *Steamship Trade Ass'n of Balt., Inc. v. Peters*, No. WDQ 09-109, 2009 WL 2924810, at *2 (D.Md. Sept. 9, 2009) (emphasis added) (citation omitted). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a *presentation or proffer of evidence*, which, if believed, would permit either the Court or the jury to find for the defaulting party," or, in this case, Defendants. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (emphasis added). However, "[t]he 'mere assertion of a defense is insufficient to satisfy the burden of proof necessary to vacate a confessed judgment.'" *Steamship Trade Ass'n of Balt., Inc.*, 2009 WL 2924810, at *2 (quoting *Atl. Leasing & Fin., Inc. v. IPM Tech., Inc.*, 885 F.2d 188, 194 (4th Cir. 1989)); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967) ("The defendant did no more than state that plaintiff breached the contract, a mere conclusion

4

which fell far short of providing the court with a satisfactory explanation of the merits of the defense."). Thus, while "the moving party does not have to prove conclusively that he would prevail," he must provide "sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 718 (D.Md. 2001).

Defendants argue that the Court should vacate the Judgment of Confession because their payment obligations under the Guaranties have not been triggered by the required conditions precedent. According to Defendants, Plaintiff may only demand payment from them as Guarantors under Section 1(d) where:

> (a) Borrower colludes with other creditors in causing an involuntary bankruptcy or insolvency proceeding involving any of the Credit Parties in an event to circumvent, avoid, or impair the rights of Agent or the Lenders, (b) a voluntary bankruptcy filing by Borrower to the extent that a court of appropriate jurisdiction determines that such filing was made otherwise than in accordance with applicable law, **and** (c) any act of fraud or other illegal action taken by Borrower or any Credit Party in connection with the Credit Agreement or any other Financing Document.

ECF No. 11-2 at 6 (emphasis added by Defendants) (quoting ECF Nos. 1-4 and 1-5 at 3). Defendants contend that the Court failed to make findings regarding the three conditions precedent set forth in Section 1(d) which were necessary for Plaintiff to have the right to a confessed judgment against Defendants and instead the Court impermissibly relied on a finding that Borrower's actions constituted an event of default under the Credit Agreement. *Id.* at 6–7. Plaintiff responds that the Court should deny Defendants' Motion because Defendants rely on meritless legal arguments while also failing to provide any evidence to support their request that the Court vacate the confessed judgment and that the Borrower committed an act of fraud which entitled Plaintiff to the entry of a confessed judgment. ECF No. 15 at 1–2.

Defendants' Motion fails to provide any substantial or sufficient grounds for an actual controversy to vacate the confessed judgment. First, Defendants incorrectly contend that Section 1(d) requires three conditions which must be satisfied in order for Plaintiff to request a confessed judgment. This makes no sense. Section 1(d) instead lists three individual events in which Plaintiff could request a confessed judgment against Defendants, not three conditions for one event. Second, Defendants fail to offer a basis to support their request for the Court to grant their Motion. Merely stating that no fraud has been committed in their Motion without any evidence to support this position, such as an affidavit, fails to adhere to the requirements of Local Rule 108.1, especially where Plaintiff provided contrary evidence when it requested a confessed judgment. *See* ECF Nos. 11-2 at 5–10 and 7 at 4–5; *cf. Commerce & Indus. Ins. Co. v. WMS Sols., LLC*, No. TDC-M-1182, 2015 WL 1439519, at *3 (D.Md. Mar. 26, 2015) (granting a motion to vacate where the challenging party established a "meritorious defense" by proffering an affidavit that an audit was not performed). Here, the Court determined that the Borrowers diverted significant funds in breach of its obligations to Plaintiff and submitted false borrowing base certificates to Plaintiff. ECF No. 7 at 4–5. Thus, for the reasons stated herein, Defendants' Motion fails to meet the requirements of Local Rule 108.1(d)–(e), and I recommend that it be DENIED.

### III. Conclusion

Therefore, I recommend, after the period of time has elapsed for the parties to file objections to this Report and Recommendation, that Judge Bennet deny the Defendants' Motion, and that a final judgment be entered against Defendants.

Date: 1 November 2017

A. David Copperthite
United States Magistrate Judge